NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-83-GFVT

WILLIAM EILAND, JR.                                                                          PETITIONER

V.                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                                          RESPONDENTS

William Eiland, Jr. ("Eiland"), a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Eiland is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

   I.   BACKGROUND

On July 30, 2002, a jury convicted Petitioner of drug trafficking in violation of 21 U.S.C. §841(a)(1); conspiracy to engage in drug trafficking in violation of 21 U.S.C. §846; and aiding

and abetting a drug trafficking crime in violation of 18 U.S.C. §2. Eiland was sentenced to a combined 151 months of incarceration to be followed by a five-year term of supervised release. *United Sates v. William Eiland, Jr.*, 02-CR-21, Northern District of Indiana [Record Nos. 42, 43, 47 therein].

Eiland now asserts that these convictions must be vacated in light of the Supreme Court's decisions in *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995), and because federal law enforcement officers lacked probable cause to arrest him for a federal crime.

**II.    DISCUSSION**

Eiland's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. Eiland asserts that his Section 2255 remedy is inadequate or ineffective because one year is insufficient time for a layman to familiarize himself with the applicable law and seek relief, thus invoking Section 2255's savings clause.

But before Eiland's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.*

at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Neither of Eiland's claims satisfy this requirement. Eiland's assertion that his arrest was made without probable cause is a claim that must have been asserted during his criminal trial and any direct appeal. This is equally true of his reliance on Supreme Court authority handed down two to seven years *before* his arrest and conviction. These are not claims of "actual innocence" because, even if true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *See Jacobs v. Miles*, 104 Fed.Appx. 431 (5th Cir. 2004) (affirming dismissal of Section 2241 petition seeking relief under *Jones*, *Morrison*, and *Lopez*) (unpublished disposition). Because these claims are not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his petition must be denied.

### III.  CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Petitioner Eiland's petition for a writ of habeas corpus is **DENIED.**

(2)   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 3rd day of May, 2007.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**